Russell GREENLEE, Appellant (Defendant below),

v.

STATE of Indiana, Appellee (Plaintiff below).

No. 383S82.

Supreme Court of Indiana.

June 6, 1984.

Thomas Lockyear, Evansville, for appellant.

Linley E. Pearson, Atty. Gen. of Indiana, William E. Daily, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The defendant, Russell Greenlee, was convicted by a jury of robbery, a Class A felony, Ind.Code § 35–42–5–1 (Burns 1984 Supp.) and was sentenced to the Indiana Department of Correction for a period of twenty-two years. In this direct appeal, he argues that there was not sufficient evidence to sustain the conviction and, therefore, the verdict was contrary to law.

A brief summary of the facts from the record shows that the victim, Glen DeHaven, returned home sometime after 11:30 p.m. on June 2, 1982, and was attacked and robbed by three men when he got out of his car. The men took his billfold, cigarettes, lighter, and ring of keys, and one of the men punched him two times in the left eye. The victim was able to see the men who attacked him because his car door was open during the robbery and the lights were on in the car. He testified that defendant had a moustache and was the man who took items out of his pockets but was not the man who struck him in the eye. The victim called the police immediately after the incident, and the police stopped the vehicle in which the three robbers were riding later that night.

Defendant now contends that there was insufficient evidence to sustain the conviction. He bases his claim on the testimony of two of his friends which corroborates his own story that he was at home during the evening of June 2, 1982, and didn't leave until 1:30 a.m. when two other friends came by. He claims he only rode with his friends to the hospital and a liquor store but did not participate in any robbery. His story is contradicted by testimony of one of the other robbers, Roger Alvey. Alvey testified for the state pursuant to a plea negotiation and stated that defendant was the person who planned the robbery. Alvey testified that defendant was riding in his car when they saw the victim come out of the Forget-Me-Not Tavern and go to his car in the parking lot. Defendant said they should rob that man and not to let him get away, so Alvey drove slowly through the tavern parking lot and then followed the victim when he drove to his house. A waitress at the tavern testified that she saw Alvey's car drive slowly through the parking lot and recognized defendant as one of the men in the car because there were lights on in the parking lot.

■ Although defendant did present witnesses to corroborate his alibi defense in this case, there was an unequivocal identification by the victim as well as corroboration of the victim's story by one of defendant's accomplices and the waitress at the tavern. All of the evidence presented by the state and defendant was proper evidence which the jury was entitled to consider in making their decision as to whom to believe and whom not to believe. *Williams v. State*, (1982) Ind., 431 N.E.2d 793. The jury's decision to believe the victim's version of the crime was supported by sufficient evidence.

■ Our standard for reviewing sufficiency claims is firmly established; on appeal the reviewing court does not weigh the evidence or judge credibility. We are constrained to consider only that evidence most favorable to the state, together with all reasonable and logical inferences to be drawn therefrom. If there is substantial evidence of probative value to support the conclusion of the trier of fact, the verdict will not be overturned. *McNary v. State*, (1984) Ind., 460 N.E.2d 145; *Tunstall v. State*, (1983) Ind., 451 N.E.2d 1077; *Fielden v. State*, (1982) Ind., 437 N.E.2d 986. A conviction may be sustained by the testimony of a single eyewitness. *Dew v. State*, (1982) Ind., 439 N.E.2d 624; *Pavone v. State*, (1980) 273 Ind. 162, 402 N.E.2d 976. There was sufficient evidence to sustain the verdict in this case and the verdict was not contrary to law.

For all of the foregoing reasons, there was no trial court error, and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C.J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.