**William Dean TAYLOR, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 1183S387.

Supreme Court of Indiana.

July 25, 1985.

namely, that there was insufficient evidence of the essential element of force or threat of force, and that the evidence as a whole was insufficient because the testimony of the alleged victim J.S. was uncorroborated, undermined by a prior inconsistent statement, and no immediate report of the police of the incident by J.S., or adults about her who were aware of the incident was made. In determining these questions we do not weigh the evidence nor resolve questions of credibility but look to the evidence and reasonable inferences from it which support the verdict. *Smith v. State* (1970), 254 Ind. 401, 260 N.E.2d 558. The conviction will be affirmed if from that viewpoint there is evidence of probative value from which a reasonable trier of fact could infer that appellant was guilty beyond a reasonable doubt. *Glover v. State* (1970), 253 Ind. 536, 255 N.E.2d 657; *Turner v. State* (1972), 259 Ind. 344, 287 N.E.2d 339.

Aaron E. Haith, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen. of Ind., Theodore E. Hansen, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Appellant William Dean Taylor was charged, tried, and convicted upon a charge of Rape in a single count information. I.C. § 35–42–4–1(a). He was adjudged guilty upon a jury verdict of guilty and received a sentence of fifteen years.

The allegations of the charge were that appellant knowingly and intentionally had sexual intercourse by force or imminent threat of force with his thirteen year old stepdaughter, J.S. Appellant rests this appeal upon two claims, first, that the evidence was insufficient to support his conviction, and second, that the statements of the sentencing court of reasons for enhancing his sentence from the presumptive term of ten (10) years to fifteen (15) years were insufficient.

The contentions regarding the sufficiency of proof is made up of two segments,

The evidence tending to support the jury verdict showed that on March 5, 1983, appellant was exercising weekend-long visitation rights with J.S. and other children, at his mother's house, when J.S. went to the residence of a friend of his to babysit with children. J.S. was a 13 year old seventh grader, while appellant was 32 years old. Appellant went to that residence, after consuming considerable quantities of alcohol, and went to a bedroom and laid down. According to her trial testimony, he then "hollered" for her to come in the bedroom and lay down beside him on the bed. She did so, and he then took off her pants and his pants and caressed her. He then got on top of her. By this time she "was crying and begging him not to do it" whereupon he inserted his penis in her vagina, causing her pain and keeping her in that position for a long time. While she was still crying he placed his hand around her throat, told her to "shut up" and proceeded to make her assume a different position. When she resisted this with her hands he grabbed her wrist and said that he would break it.

The man and woman of the house, also intoxicated to some degree, came home and discovered J.S. and appellant in a state of partial undress. They jumped up when they saw Trudy Dinwiddie, the woman of the house, and J.S. was crying and said that appellant had tried to rape her. Another person, Trudy Dinwiddie's younger brother, also intoxicated, was dozing in the other bedroom of the house at the time; he testified that he had heard J.S. say to appellant, "Please don't do it". Trudy Dinwiddie testified at trial to what she had seen and heard. Appellant gave a statement several days later in which he acknowledged being in the house with J.S., on the evening of the offense, being in the bed, and recalled that J.S. came in and sat down beside him. However, he denied touching her in a sexual manner, and admitted that he had been very drunk at the time.

Appellant argues specifically that the evidence is insufficient to prove that penetration was achieved by force or imminent threat of force. We find however, that both actual force and threat of further force are inferable in these circumstances to a certainty beyond a reasonable doubt. Appellant was in the dominant role of parent. He was a male adult; she a child. His "hollering" was a command, which threatened drunken disciplinary action upon disobedience. The implied threat of force became manifest when he climbed upon her, pressing her into the bed preventing her escape. She was protesting at the time. This threatening and forcible behavior came before penetration was achieved. This was penetration forcibly against the will.

Concerning appellant's more general claim, of insufficiency of evidence, it is true as asserted that the physical fact of penetration rests upon the testimony of J.S. and is not supported by direct and independent evidence such as would be supplied through a medical examination. However, such corroborative evidence is not a legal requirement. *Lynch v. State* (1974), Ind., 316 N.E.2d 372. It is likewise clear that the letter written two months after the offense by J.S. recanting her prior charges against her stepfather, could reasonably be viewed as the product of remorse and feelings of loyalty to appellant and the family. This letter and its motivation were openly explored before the jury. It is also true that appellant was permitted to remain in the house immediately after the incident described above. This permission was reluctantly given, in light of appellant's friendship with the adults there, and his state of intoxication. Trudy Dinwiddie did refuse to permit J.S. to leave the house, with appellant, and protected her in a further manner by making her sleep in Dinwiddie's bedroom. Finally it is true, that J.S. did not report this incident until the following day. However, that fact is understandable in light of the limited autonomy of children, when confronted with misconduct of adults exercising parental control over them. The direct testimony of J.S., corroborated in part by that of Dinwiddie and her brother, and appellant's own admissions, was sufficient to satisfy the requirements for proof, upon direct appeal. The elements identified in this argument would be properly addressed to the trier of fact, whose duty it is to weigh the competing inferences arising from the proof at trial.

Appellant also claims that the decision of the sentencing court to enhance the presumptive sentence for this offense by five years is not supported by a sufficient statement in the record. That statement is required to be specific and individualized. *Page v. State* (1981), Ind., 424 N.E.2d 1021. At the time of sentencing, the court made express evaluations regarding prior arrests and convictions and their context as revealed in the pre-sentence report, appellant's history of substance abuse, and the victim's age. While the court's formal entry is deficient, in that it recites no more than the statutory categories involved, such deficiency is not an obstacle to review on this particular record. Accordingly we do not remand.

The conviction is affirmed.

GIVAN, C.J., and PRENTICE and PI-VARNIK, JJ., concur.

HUNTER, J., not participating.