Humberto **MORALES**, Appellant
(Defendant Below),

v.

**STATE of Indiana, Appellee**
(Plaintiff Below).

No. 3–1185–A–327.

Court of Appeals of Indiana,
Third District.

May 14, 1986.

Rehearing Denied June 10, 1986.

---

James H. Voyles, Dennis E. Zahn, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Indianapolis, for appellee.

STATON, Presiding Judge.

Humberto Morales (Morales) was convicted by a jury of three counts of dealing in a narcotic drug, a class B felony.[1] He was sentenced to six years imprisonment, with one year suspended, for each count. The sentences were ordered served concurrently. In his appeal, Morales raises the following issues:

1. Whether the evidence regarding the identification of Morales is sufficient to sustain his conviction, and

2. Whether it was error for the trial court to admit in evidence a State's exhibit which was not furnished to the defendant during discovery.

Affirmed.

## I.

### Identification

In reviewing claims of insufficient evidence to support a verdict, our court will not reweigh the evidence or judge the credibility of witnesses. We will, however, determine if the verdict is sustained by substantial evidence of probative value which would permit a reasonable trier of fact to find each element of the offense beyond a reasonable doubt. *Pyle v. State* (1985), Ind., 476 N.E.2d 124. To perform this task, we view the evidence from a perspective favoring the verdict.

The facts most favorable to the State reveal that undercover policeman Richard Irvin (Irvin) purchased heroin from Morales three different times. During each buy, Irvin was able to clearly observe Morales and study his face. At trial, Irvin positively identified Morales as the seller. This identification was confirmed by two other state police officers who were working with Irvin.

Morales, who has a mole somewhere on his left cheek, contends that because Irvin did not include a description of that mole in his written reports, the identification was insufficient. To bolster this contention, Morales also refers us to discrepancies between Irvin's in-court description of him and Irvin's written descriptions contained in reports made after each drug purchase.

The argument that, as a matter of law, the evidence of Morales' identity as the heroin seller was insufficient, is not persuasive. The issue of the seller's identification is not a question of law since the jury's verdict was sustained by evidence of probative value which would permit a jury to conclude beyond a reasonable doubt that

1. West's AIC 35–48–4–1 (Supp.1985) provides that:

A person who:
(1) knowingly or intentionally manufactures or delivers cocaine or a narcotic drug, pure or adulterated, classified in schedule I or II; or
(2) possesses, with intent to manufacture or deliver, cocaine or a narcotic drug, pure or adulterated, classified in schedule I or II;

commits dealing in cocaine or a narcotic drug, a Class B felony. However, the offense is a Class A felony if the amount of the drug involved weighs three (3) grams or more, or if the person delivered the drug to a person under eighteen (18) years of age at least three (3) years his junior.

it was Morales who did in fact sell heroin to Irvin. At trial Irvin testified under direct and cross-examination that Morales was indeed the person who sold him heroin on three different occasions. Two other state police officers also testified under direct and cross-examination that it was Morales who dealt with Irvin.

It was for the trier of fact to weigh the evidence, *Manlove v. State* (1968), 250 Ind. 70, 232 N.E.2d 874, *reh. den.*, 250 Ind. 70, 235 N.E.2d 62, and it was the jury's duty to weigh competing inferences arising from proof at trial. Discrepancies in testimony affect the weight of the evidence and credibility of witnesses, issues which are beyond the scope of our review. *Taylor v. State* (1985), Ind., 480 N.E.2d 907.

Here, we have considered only the evidence most favorable to the State and all reasonable inferences therefrom, *Hutchinson v. State* (1985), Ind., 477 N.E.2d 850, and we conclude that Irvin's in-court identification of Morales as the seller provided substantial evidence of probative value. With this evidence, it was not unreasonable for the jury to find the identification element of the offense beyond a reasonable doubt. The testimony and positive identification by Irvin of the person who three times sold him heroin was by itself sufficient to support a guilty verdict. *Greenlee v. State* (1984), Ind., 463 N.E.2d 1096 (conviction may be sustained by a single eyewitness).

## II.

### *Exhibit*

█ Morales also challenges the introduction of State's Exhibit 4 into evidence. This evidence was a small piece of paper which Morales had given to Irvin during one of the heroin transactions. Written on the paper was a phone number where Morales could be reached. At trial, Morales objected to the admission of this evidence on the ground that although he knew of the note, he did not know that the State was going to place it into evidence. On appeal, Morales argues that because the State failed to provide him with this evidence during discovery, the evidence should have been excluded.

In *Murray v. State* (1985), Ind., 479 N.E.2d 1283, our Supreme Court addressed this issue in the context of admitting testimony from a witness who was not listed on the State's witness list. In *Murray*, the Court wrote:

> If properly discoverable evidence is revealed for the first time at trial, generally a defendant has the following two remedies: 1) a continuance, or 2) exclusion of the evidence. Exclusion of evidence, however, is usually invoked *only* when the State has blatantly and deliberately refused to comply with the court's discovery order. The usual remedy therefore is to allow the defendant a continuance in order to examine and meet the new evidence.

*Id.*, at 1287 (citations omitted) (emphasis in original).

In the instant case, we cannot conclude that exclusion was the proper remedy since there was no showing of the State's blatant or deliberate refusal to comply with discovery rules. Nor can we conclude that it was clear error for the trial court to refuse to exclude State's Exhibit 4. A trial court has broad discretion to remedy discovery violations and can determine if any harm resulted from the alleged violation. *Wallace v. State* (1985), Ind., 486 N.E.2d 445.

Before admitting State's Exhibit 4, the trial court heard argument from the State and Morales. Morales admitted knowing about the note before trial, having previously deposed Irvin. The State argued that the note was merely cumulative in that it corroborates testimony by Irvin that Morales gave him a piece of paper containing a phone number. This testimony was admitted without objection by Morales. Under these circumstances, contrary to Morales' present contention, the proper remedy was a continuance and not exclusion of the exhibit. We note that the trial court offered Morales time to examine the note before continuing with the trial.

Moreover, Morales has not shown us how he was prejudiced by State's Exhibit 4. In order to demonstrate reversible error in a criminal case, the complaining party must show an erroneous ruling and prejudice resulting from that ruling. *Lewis v. State* (1985), Ind.App., 484 N.E.2d 77, *reh. den.* In the present case, it is unnecessary for us to decide whether the admission of the evidence complained of was an error, since we conclude that Morales has not shown any prejudice. Irvin had already testified about the note without objection; there was no prejudice from the admission of the note itself, since it was merely cumulative of the evidence. *Lowery v. State* (1985), Ind., 478 N.E.2d 1214, *reh. den.* (any error in admission of evidence is harmless if the same or similar evidence has been admitted without objection). Thus, the error alleged to exist, if it existed, would be harmless since the jury would have rendered a guilty verdict based solely upon the untainted testimony of Irvin. *Mayfield v. State* (1980), Ind.App., 402 N.E.2d 1301, *trans. den.*

The judgment of the trial court is affirmed.

HOFFMAN and GARRARD, JJ., concur.