Early L. OGLESBY, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 49S00–8609–CR–817.

Supreme Court of Indiana.

Dec. 2, 1987.

Charles A. Beck, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Cheryl L. Greiner, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Early L. Oglesby was found guilty of robbery, a class B felony. He was sentenced to a fourteen (14) year executed sentence. He raises the following five issues in this direct appeal:

1. sufficiency of the evidence, and whether the conviction is contrary to law;

2. sentencing;

3. refusing to give tendered jury instruction 1;

4. effective assistance of counsel; and

5. sustaining an objection to Oglesby's testimony.

At approximately 7:30 p.m. on the evening of January 27, 1985, Kimberly Kinder left her apartment building to go grocery shopping. As she walked to her nearby parked car, Oglesby approached her and demanded her purse. When Kinder refused, Oglesby displayed a knife, threatened to kill her, and demanded she give him all her money. Kinder again refused and continued to try to get away. She backed up to the steps of her apartment building, reached into her purse, and threw ten one dollar bills at Oglesby. He stuffed the money into his pants, then held the knife to Kinder's breast and requested a kiss. Kinder backed up against the door and was able to unlock the door. She screamed for help and when someone in the building yelled, Oglesby fled. Kinder entered the building and notified the police.

Oglesby raised an alibi defense and presented witnesses to support the defense. He stated he was with a cousin at his mother's apartment and visiting in the neighborhood. On cross-examination, Oglesby admitted that by 7:15 on the evening of the crime, his cousin had left and he was alone. Oglesby's mother, Linda Teague, testified she was away that evening and that she had discussed the events of the evening with her son. Teague returned to her home at approximately 7:00 that evening, and Oglesby was not there.

Teague then left and stated that she telephoned her home between 7:30 and 7:45, and that Oglesby answered the phone.

I

■ Oglesby challenges the sufficiency of evidence supporting the conviction for robbery. He suggests his alibi overcomes the evidence of guilt, and thus the verdict and conviction are contrary to law. As a court of review, we do not judge the credibility of witnesses nor reweigh the evidence. Rather, we look only to that evidence most favorable to the State and all reasonable inferences to be drawn therefrom. If there is substantial evidence of probative value to support the conclusion of the trier of fact, the verdict will not be overturned. *Greenlee v. State* (1984), Ind., 463 N.E.2d 1096, 1097.

■ Oglesby claims there is no proof he was the perpetrator of the robbery. However, the victim testified Oglesby approached her and demanded her purse. When she refused he displayed a knife and threatened to kill her. Oglesby again told her to give him all her money and instructed her to take him someplace in her car. She continued to back away from Oglesby and eventually threw money at him. He scraped the bills up and put the cash into his pants. Oglesby continued to terrorize the victim, holding a knife to her breast and requesting kisses. The victim testified she was in fear during the attack and continues to be afraid to be alone and is afraid of black men. She had ample time and good lighting to facilitate her viewing of Oglesby. The victim was later able to select Oglesby's photograph from an array shown to her. She was able to pick out Oglesby in a lineup. She also pointed out Oglesby at trial as her assailant. The uncorroborated testimony of a witness is sufficient to convict the defendant, even if the witness is the victim. *Greenlee*, 463 N.E. 2d at 1097; *Lamb v. State* (1984), Ind., 462 N.E.2d 1025, 1028; *McGraw v. State* (1978), 268 Ind. 386, 391–92, 375 N.E.2d 1099, 1101–02.

Oglesby suggests his alibi establishes a record stronger than the victim's identifica-

tion of him. Oglesby claimed he was at his mother's apartment during the time of the offense. However, on cross-examination, Oglesby admitted that at the time of the crime, he was alone. His mother also admitted she was away during the evening and could not verify Oglesby's whereabouts during the time of the crime. The evidence shows Oglesby knowingly took property from the victim by force and by putting her in fear, while armed with a deadly weapon. *See* Ind.Code Ann. § 35–42–5–1 (Burns 1985). There is ample evidence to show Oglesby's guilt of robbery.

## II

Oglesby asserts error in sentencing, claiming the court failed to provide reasoning for enhancing the presumptive sentence. If the sentence imposed was authorized by statute and is not manifestly unreasonable, and if the record discloses the trial court's finding of aggravating or mitigating circumstances, this Court will not revise or strike down the sentence. *Bish v. State* (1981), Ind., 421 N.E.2d 608, 620, *reh. denied.* Here, fourteen (14) years is within the twenty (20) year limit allowed by statute. Ind.Code Ann. § 35–50–2–5 (Burns 1985). The sentencing court found Oglesby's criminal history was an aggravating circumstance warranting an increase from the presumptive sentence of ten years, specifically, commission of theft in 1982. Oglesby has not shown that the sentence is manifestly abusive of the court's discretion.

## III

Oglesby claims his tendered instruction 1 should have been read to the jury. The tendered instruction related to the burden of proving identity beyond a reasonable doubt. The Court refused this instruction as it was covered by other instructions on reasonable doubt, credibility of witnesses and how witnesses are to be judged. The instruction of the jury is largely within the discretion of the trial court, and will be reviewed only for abuse of that discretion. *Tanner v. State* (1984), Ind., 471 N.E.2d 665, 667. If the substance of the refused instruction was covered by other instructions which were given, the Court is not bound to read the tendered instruction. *See Robinson v. State* (1985), Ind., 477 N.E.2d 883, 886; *Wallace v. State* (1985), Ind., 474 N.E.2d 1006, 1008. Since the subject was well covered by the trial court's given instructions, there was no error in the denial of Oglesby's tendered instruction 1.

## IV

Oglesby claims he was denied the effective assistance of counsel based on his counsel's failure to maintain a continuing objection to the introduction of a video tape of the line-up procedures in which he was identified. He asserts the video tape was cumulative and repetitive evidence which prejudiced his right to a fair trial. Initially, defense counsel objected because testimony of the line-up was already in evidence and the police officers were present. After viewing the video tape, Oglesby's attorney withdrew his objection. An attorney is not held to be incompetent for failure to take an action the client believes to be beneficial when it is apparent he would not have prevailed on an argument in support of that action. *Howland v. State* (1982), Ind., 442 N.E.2d 1081, 1083. Before trial counsel's failure to enter an objection may be regarded as ineffective representation, the defendant must show that had the objection been made, the trial court would have had no choice but to sustain it. *Kimble v. State* (1983), Ind., 451 N.E.2d 302, 306. Oglesby fails to make such a showing. Further, the victim had previously identified Oglesby and thus, evidence of identification was already in the record. The fact that counsel withdrew his objection to admitting the video tape was merely a trial tactic or strategy choice, and is not ineffective representation.

## V

Oglesby complains he was not allowed to testify concerning a statement made by his mother to him. He claims this was wrongful exclusion of admissible defense testimony. The testimony in question here was initiated by a question from

defense counsel, "And when you called your mother and told her the date, what then occurred?" Oglesby started to answer that his mother had told him something, but the State objected on the basis of hearsay. Defense counsel argued the answer was admissible because Oglesby's mother was present and would testify. However, the court kept the objection under advisement and instructed Oglesby not to answer that question. Later, Oglesby's mother stated she was not home on the evening of the crime during the time frame established for the attack. She further testified she had discussed the events of the evening with her son.

The trial court has inherent discretionary power on questions of admission of evidence, and its decisions are reviewed only for an abuse of that discretion. *Boyd v. State* (1986), Ind., 494 N.E.2d 284, 296, *cert. denied* — U.S. ——, 107 S.Ct. 910, 93 L.Ed.2d 860. Here, Oglesby fails to show what his testimony would have been and fails to show how he was prejudiced by the court's ruling. Further, Oglesby's mother testified as to what she told him in the conversations following the events of January 27, 1985. She was examined and cross-examined. Oglesby presents no reversible error in the court's ruling.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and DICKSON, JJ., concur.