**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**P. JEFFREY SCHLESINGER**
Appellate Public Defender
Crown Point, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MARJORIE LAWYER-SMITH**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| REBECCA A. THIELING, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 45A03-1108-CR-344 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Thomas P. Stefaniak, Jr., Judge
Cause No. 45G04-1004-FC-32

**March 16, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Rebecca Thieling appeals her convictions for forgery, a Class C felony; auto theft, as a Class D felony; and theft, as a Class D felony, following a jury trial. Thieling presents a single issue for our review, namely, whether she was denied the effective assistance of trial counsel.

We affirm.

## FACTS AND PROCEDURAL HISTORY

In 2009, Thieling and her boyfriend, Christopher Dobson, were living together at Thieling's mother's home in Merrillville. Among his personal belongings, Dobson owned a 2001 Suzuki motorcycle, which he kept in the garage. One morning in October 2009, Dobson entered the garage and found that someone had damaged his motorcycle. The seats and several cables had been cut, there was sugar in the gas tank, and the odometer was "destroyed." Transcript at 27. Dobson "was told" that Thieling had caused the damage to his motorcycle after Thieling became suspicious that Dobson was dating another woman. Id. at 28. Accordingly, Dobson moved out of Thieling's mother's home. But Dobson left several personal belongings behind, including the damaged motorcycle.

In December 2009, Thieling met Carl Collins at a bar in Gary. After talking awhile, Thieling offered to sell Collins a motorcycle. Thieling explained to Collins that the motorcycle was "trashed," and Collins got the impression that Thieling was the one who had caused the damage. Id. at 77. Collins ultimately bought the motorcycle from

2

Thieling for $200, and Thieling gave Collins the title,[1] ostensibly signed by Dobson. Dobson has since denied having signed his name to the title.

A few months later, Dobson learned that Thieling had sold his motorcycle without his consent, so he filed a police report. In the course of the investigation, the police confiscated the motorcycle. Collins called Thieling and told her about the confiscation, and Thieling told Collins to tell the police that he had "bought it from some guy in a bar." Id. at 93. But Collins told police that he had bought the motorcycle from Thieling.

The State charged Thieling with forgery, for allegedly forging Dobson's name on the title; auto theft, for depriving Dobson of the motorcycle's value or use; and theft, for taking $200 from Collins for the stolen motorcycle. A jury found Thieling guilty as charged. The trial court entered judgment and sentence accordingly. This appeal ensued.

**DISCUSSION AND DECISION**

Thieling contends that she was denied the effective assistance of trial counsel. In particular, Thieling maintains that: (1) her trial counsel should have pointed out to the jurors that the prosecutor made a comment during opening statement that was not supported by the evidence; (2) her trial counsel should have objected to certain testimony by Dobson; and (3) her trial counsel should have objected to alleged hearsay. We address each contention in turn.

There is a strong presumption that counsel rendered effective assistance and made all significant decisions in the exercise of reasonable professional judgment, and the burden falls on the defendant to overcome that presumption. Johnson v. State, 901

---

[1] The record shows that Thieling owed Mike Pahkanen some money, so Collins gave Pahkanen the $200 for the motorcycle, and Thieling gave the title to Pahkanen, who, in turn, gave it to Collins.

N.E.2d 1168, 1173 (Ind. Ct. App. 2009). To make a successful ineffective assistance claim, a defendant must show that: (1) his attorney's performance fell below an objective standard of reasonableness as determined by prevailing professional norms; and (2) the lack of reasonable representation prejudiced him. Id. Even if a defendant establishes that his attorney's acts or omissions were outside the wide range of competent professional assistance, he must also establish that, but for counsel's errors, there is a reasonable probability that the result of the proceeding would have been different. Id. at 1174. To establish ineffective assistance for counsel's failure to object, a petitioner must show that the trial court would have sustained the objection had it been made and that the petitioner was prejudiced by the failure to object. Jones v. State, 847 N.E.2d 190, 197-98 (Ind. Ct. App. 2006) (citing Wrinkles v. State, 749 N.E.2d 1179, 1192 (Ind. 2001), cert. denied, 535 U.S. 1019 (2002)), trans. denied. Stated another way, the petitioner must demonstrate that, had the objection been made, the trial court would have had no choice but to sustain it. Oglesby v. State, 515 N.E.2d 1082, 1084 (Ind. 1987).

**Opening Statement**

During his opening statement, the prosecutor "indicated that Thieling [had] received a phone call informing her that Dobson was out with another girl." Brief of Appellant at 7. On appeal, Thieling maintains that "no facts were ever presented to support this" and her attorney "never pointed to the jury [sic] that there was no evidence to support the prosecution's alleged motive." Id. Thieling does not support this contention with citation to the record or relevant legal authority. Regardless, Dobson testified that he was told that "the reason why the motorcycle got destroyed" was because

4

Thieling had "confronted [him] about dating another girl[.]" Transcript at 28. Whether Thieling learned that information through a phone call or otherwise is of no moment. Thieling has not demonstrated that she suffered any prejudice by her attorney's failure to inform the jury regarding this alleged lack of evidence.

### Dobson's Testimony

Thieling next contends that her attorney should have made an objection under Evidence Rule 704(b) to the following testimony by Dobson:

> Q: At this time, did you form an opinion as to who [caused the damage] to your bike?
>
> A: No, I know who did it.
>
> Q: How did you know?
>
> A: I just knew that. I don't know. I just knew that it was [Thieling]. I don't know who else could have possibly done it.

Transcript at 27-28. Evidence Rule 704(b) provides in relevant part that a witness is prohibited from testifying to opinions concerning guilt in a criminal case. Here, however, Thieling was not charged with having caused damage to Dobson's motorcycle. Thus, the Rule does not apply to this testimony, and Thieling has not demonstrated that any objection to that testimony would have been sustained.

### Hearsay

Finally, Thieling contends that her attorney should have objected to the following testimony by a police officer at trial:

> Q: And what was contained in the report? What did he report to you?

A:     [Dobson] advised that he had left his motorcycle and some other personal belongings at his ex girlfriend's house. And that she had sold the bike to one of his friends after she damaged it.

Transcript at 132. On appeal, Thieling asserts that that testimony was "clearly inadmissible as hearsay pursuant to Rule 801 of the Indiana Rules of Evidence and constituted additional emphasis on Dobson's inadmissible opinion." Brief of Appellant at 8.

A defendant is not prejudiced by the erroneous admission of hearsay evidence if it is cumulative of other, properly admitted evidence. See Robinson v. State, 693 N.E.2d 548, 553 (Ind. 1998). Here, the police officer's testimony was merely cumulative of Dobson's and Collins' testimony on these issues. Further, Thieling's attorney admitted into evidence the police report itself, which includes the alleged hearsay. Thieling has not demonstrated prejudice to her substantial rights as a result of her attorney's failure to object to the challenged testimony. See Trial Rule 61; Ind. Appellate Rule 66.

In sum, Thieling has not demonstrated that her attorney's performance fell below an objective standard of reasonableness as determined by prevailing professional norms, nor has she shown any prejudice as a result of her attorney's alleged omissions. We hold that Thieling was not denied the effective assistance of trial counsel.

Affirmed.

ROBB, C.J., and VAIDIK, J., concur.