## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Oct 29 2020, 9:00 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Ryan M. Gardner
Deputy Public Defender
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tiffany A. McCoy
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Kapri U. White,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

October 29, 2020

Court of Appeals Case No.
20A-CR-1029

Appeal from the Allen Superior Court

The Honorable David M. Zent, Judge

Trial Court Cause No.
02D06-1812-F3-80

**Weissmann, Judge.**

[1]     Sixteen-year-old R.H. attempted to purchase a cell phone through Facebook Marketplace in October 2018 but was robbed by the purported seller, later identified as Kapri U. White. White challenges the sufficiency of the evidence supporting his conviction for Level 3 felony Armed Robbery.[1]  Because White was identified by several witnesses as the perpetrator and circumstantial evidence bolstered those identifications, we affirm.

# Facts

[2]     R.H. arranged to buy a used cell phone posted on Facebook Marketplace through a Facebook account belonging to "Suarez Gomez."  The seller and R.H. agreed through Facebook messaging to a price of $190 cash.  After the seller refused to travel to Ossian to complete the transaction, the seller and R.H. agreed to meet at the intersection of South Park and Senate in Fort Wayne.  As R.H. drove with his parents and his three younger siblings to that location October 18, 2018, R.H. communicated on his mother's phone with the seller through Facebook Messenger.

[3]     After the family waited at the agreed location for about ten minutes, an individual later identified as White walked toward their car.  R.H.'s mother, who was in the front passenger seat, rolled down her window and asked the man if he was the phone seller.  After the man indicated he was, R.H. exited the

---

[1] Ind. Code § 35-42-5-1(a).

passenger side of the vehicle and asked to view the phone. The man gave the phone to R.H. and then asked R.H. to show him the money. As R.H. withdrew the cash from his wallet, the man pulled a black semi-automatic handgun from his pocket and pointed it at R.H. The man directed R.H. to give him the money and R.H.'s wallet. R.H. threw his wallet at the robber, who walked away while pointing his gun at R.H. Upon reaching a nearby alley, the robber ran. R.H. and his family drove away, called 911, and attempted to message the seller.

The family provided to police screen shots of Suarez Gomez's Facebook page. Police discovered on the Suarez Gomez Facebook page a photograph of White and his grandmother on which White was tagged. White lived about thirty to forty feet away from the robbery scene. R.H. and his parents each identified White as the robber through a pre-trial photographic array and at trial.

On December 21, 2018, the State charged White with Level 3 felony Robbery. He was convicted of that offense after a jury trial. On April 14, 2020, the trial court sentenced White to nine years imprisonment, with two years suspended. White appeals only his conviction.

## Discussion and Decision

White contends the evidence is insufficient to support the robbery conviction. When considering the sufficiency of the evidence supporting a conviction, we will consider only the probative evidence and the resulting reasonable inferences supporting the verdict. *Abd v. State*, 121 N.E.3d 624, 629 (Ind. Ct.

App. 2019), *trans. denied*. In conducting our review, we will neither reweigh the evidence nor judge the credibility of witnesses. *Id.* We will affirm unless no reasonable factfinder could find the elements of the crime proved beyond a reasonable doubt. *Cook v. State,* 143 N.E.3d 1018, 1022 (Ind. Ct. App. 2020), *trans. denied*. A conviction may be sustained by the testimony of a single eyewitness. *Greenlee v. State*, 463 N.E.2d 1096, 1097 (Ind. 1984).

[7]     To convict White of Level 3 felony robbery as charged, the State was required to prove beyond a reasonable doubt that White, while armed with a deadly weapon, knowingly or intentionally took property from R.H. or from the presence of R.H. by using or threatening the use of force or by putting R.H. in fear. I.C. § 35-42-5-1(a). White does not deny R.H. was robbed. White merely challenges the sufficiency of the evidence identifying him as the robber.

[8]     White contends the identifications of him by R.H. and his parents through the pre-trial photographic arrays and at trial were "equivocal" because those three witnesses earlier had viewed the photographs of White on the Suarez Gomez Facebook account. Appellant's Brief p. 11. White offers no basis for finding identifications are equivocal simply because the identifying witnesses earlier saw a photograph of the same person. Furthermore, White did not object to the admissibility of the identification evidence; therefore, he has waived the issue. *Whitt v. State*, 499 N.E.2d 748, 750 (Ind. Ct. App. 1986) (finding appellant waived issue of reliability of eyewitness identification testimony by failing to object at trial).

[9]     None of the identification evidence was equivocal.  R.H. and his parents, all of whom observed the robber at close range, readily identified White in court as the perpetrator.  Tr. Vol. II pp. 124, 139, 151.   Those three witnesses also identified White in a photographic array after the robbery, with R.H.'s mother identifying White "pretty quick" and R.H.'s father "immediately" selecting White's photograph.   Tr. Vol. II pp. 140, 151, 162.  The description of the robber offered by R.H.'s parents matched White's physical appearance.  Tr. Vol. II pp. 140-141, 152, 187-188.  R.H. testified the robber "match[ed]" the person depicted as Suarez Gomez on the Facebook account.  Tr. Vol. II p. 122.  A reasonable juror could conclude based on this evidence that White was the person who robbed R.H.  *See Greenlee*, 463 N.E.2d at 1097 (a conviction may be sustained based on the uncorroborated testimony of a single eyewitness).

[10]     Other evidence suggesting White's guilt buttressed the identification evidence.  The State presented evidence indicating White had lived or stayed at a home thirty to forty feet from the robbery scene and the robber ran in that direction.  Tr. Vol. II pp. 163, 165, 172.  The trial court also admitted, without objection, State's Exhibit 1, a screenshot of the Suarez Gomez Facebook page containing a photograph of White.  Tr. Vol. II pp. 175-176.

[11]     Given all this evidence, the record conclusively identifies White as the person who robbed R.H.  White's claims on appeal merely amount to an improper request to reweigh the evidence.  Accordingly, the evidence is sufficient to support White's conviction.

The judgment of the trial court is affirmed.

Bailey, J., and Vaidik, J., concur.